IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BILLY RAY JACKSON | * | |
| Plaintiff, | | |
| v. | * | CIVIL NO. RDB-17-373 |
| | | |
| JUDGE L. HARRIS, *Office of Disability* | * | |
| *Adjudication and Review* | | |
| HENDERSEN-WEBB, INC. MANAGEMENT | * | |
| JEFF MARSHALL PROPERTY | | |
| MANAGEMENT | * | |
| KENNY, *Maintenance Man Henderson Webb* | | |
| ANNE ARUNDEL COUNTY POLICE | * | |
| DEPARTMENT | | |
| TERRY L. JOHNSON | * | |
| PATRICIA BROWN | | |
| JAMAL C. JONES | * | |
| KEYSHIA BROWN[1] | | |
| Defendants. | * | |
| | ***** | |

## MEMORANDUM OPINION

Before the Court for preliminary screening is Billy Ray Jackson's ("Jackson") self-represented Complaint and Motion for Leave to Proceed In Forma Pauperis, filed on February 8, 2017. ECF No. 1 & 2. Although the Complaint is difficult to decipher, Jackson appears to invoke the Court's federal question jurisdiction and cites to both federal and state criminal statutes. He accuses a state administrative law judge of placing listening and talking devices in her court room when hearing Jackson's disability case.[2] He claims that parties were too intrusive into his business

---

[1]     The Complaint text indicates that Jackson intended to name these parties as Defendants. The Clerk shall amend the docket accordingly.

[2]     I observe that Jackson has filed a Complaint against the Social Security Administration in this Court, challenging the decision to deny his application for a period of disability and disability benefits. *See Jackson v. Commissioner of Social Security*, Civil Action No. ELH-16-3956 (D. Md.). The case remains pending.

and his "case has been embezzled [by the Defendants.]" ECF No. 1, p. 4.

Jackson next makes outlandish statements regarding transactions between the Defendants involving payments and deals resulting in the theft of his real name and implies that his "disability" and retroactive pay were taken. He seemingly claims that several Defendants spied on him and were able to review paperwork, obtain the key from his mail box, and "drain" money out of his account. ECF No. 1, pp. 4-5.

Jackson further states that the apartment property management company controls the keys to his mail box and appears to allege that the management company was complicit in allowing some of the Defendants to access his mail box, enabling them to apply for veteran's benefits under his and his father's name. He contends that he has written the local police department, but they refuse to help him. Jackson charges the administrative law judge and police of protecting these individuals and their criminal acts. ECF No. 1, p. 5.

Jackson seeks a federal court order to stop the Defendants alleged harassment. He claims that Defendants have taken his father's veteran's benefits and states that he was informed that the administrative judge applied for them. He complains that he and his wife are harassed "everywhere we go church store and around our family with sound came from the air. Listening and talking device this is a problem. (sic)"[3] ECF No. 1, p. 6. His cause of action shall be construed as a civil

---

[3]     Attached to the Complaint is a copy of a cause of action purportedly filed by Jackson in the United States District and Bankruptcy Courts for the District of Columbia. The complaint clearly makes fantastic allegations involving, but not limited to: (1) the public announcement of Jackson's private medical history, allegedly obtained by means of a listening and talking device; (2) the theft of Jackson's name, retroactive pay, and Social Security checks; (3) false claims made against Jackson and his wife; (4) investigations allegedly conducted by the Social Security Administration; and (5) the alleged carnal and criminal activities of Defendants. ECF No. 1, pp. 11-39.

rights action, filed pursuant to 28 U.S.C. § 1331.  Jackson's Motion for Leave to Proceed In Forma Pauperis shall be granted.  His Complaint, shall, however, be summarily dismissed.

Because Jackson is proceeding as a self-represented litigant, the Court must liberally construe his Complaint. *See e.g., Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  This Court, however, is not required to conjure up questions never squarely presented to it.[4]  *See Beaudett v. City of Hampton,* 775 F. 2d 1274, 1277 (4th Cir. 1985).  Further, a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks.  *See* Fed. R. Civ. P. 8(a).  Although self-represented pleadings must be "held to less stringent standards than those by lawyers," *Erickson v. Pardus,* 551 U.S. at 94, a complaint need not contain detailed allegations.  The facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

Title 28 U.S.C. § 1915 and 1915A permit an indigent litigant to commence an action in federal court without prepaying the filing fee.  To protect against possible abuses of this privilege, the statute requires a court to dismiss any case that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(l).

In *Neitzke v. Williams,* 490 U.S. 319 (1989), the United States Supreme Court held that a

---

[4]       A federal court does not act as an advocate for a self-represented claimant. *See Brock v. Carroll,* 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.,* 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

district court may dismiss the complaint of a self-represented litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ( "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' "). As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. *Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Indeed, § 1915 was amended after *Neitzke* and *Denton,* s-such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2) (B)(ii); *see Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

Even when providing a generous review to the self-represented Complaint, *see, e.g.*, *Erikson v. Pardus,* 551 U.S. at 127, I find it proper to dismiss Jackson's Complaint. *See Bell Atl. Corp. v. Twombly,* 550 U.S. at 570 (a complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it d-does not allege enough facts to state a claim to relief that is plausible on its face); *Neitzke,* 490 U.S. at 325–28. The Court concludes that Jackson has presented rambling claims that are nonsensical. It is appropriate to dismiss his action under 28 U.S.C. § 1915(e)(2)(b)(ii) for the failure to state a claim.

4

Further, to the extent that Jackson wishes to file a civil rights complaint to file criminal charges against Defendants, this Court has no authority to initiate criminal charges. The decision whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. Appx. 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012). If Jackson seeks to pursue criminal charges, he must bring his allegations to the attention of law enforcement authorities, not this Court.[5] A separate Order follows.

Date: February 14, 2017

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[5]     If Jackson believes that his Veteran's Affairs benefit checks have been appropriated by individuals impersonating him, it is suggested that he contact local law enforcement and/or the U.S. Department of Veteran's Affairs.